# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KEDRON L. JOHNSON                                            PETITIONER

v.                        NO. 5:13CV00077 SWW/HDY

RAY HOBBS, Director of the                                 RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

The record reflects that in February of 2001, a Pulaski County, Arkansas, Circuit Court jury convicted petitioner Kedron L. Johnson ("Johnson") of rape. On appeal, the Arkansas Court of Appeals found no reversible error and affirmed his conviction. See Johnson v. State, 80 Ark. App. 79, 94 S.W.3d 344 (2002).

In October of 2003, Johnson commenced his first federal court challenge to his February of 2001 rape conviction by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Johnson v. Norris, 5:03CV00379 SWW. United States District Court Judge Susan Webber Wright determined that the petition had no merit and denied it. Johnson requested a certificate of appealability, but Judge Wright denied his request. The United States Court of Appeals for the Eighth Circuit later affirmed the denial of his request for a certificate of appealability. He petitioned the United States Supreme Court for a writ of certiorari, but his request was denied.

In April of 2009, Johnson commenced his second federal court challenge to his February of 2001 rape conviction by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Johnson v. Norris, 5:09CV00113 SWW. Judge Wright determined that the petition was a second or successive petition, and the approval of the Court of Appeals was required before the petition could be filed. Because he had not obtained the prior approval of the Court of Appeals, she denied his petition.

In February of 2011, Johnson commenced his third federal court challenge to his February of 2001 rape conviction by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Johnson v. Norris, 5:11CV00040 SWW. Judge Wright determined that the petition was a second or successive petition, and the approval of the Court of Appeals was required before the petition could be filed. Because he had not obtained the prior approval of the Court of Appeals, she denied his petition.

Johnson thereafter sought the approval of the Court of Appeals to file a second or successive petition in the district court pursuant to 28 U.S.C. 2254. The Court of Appeals denied his request in July of 2012. See Document 13, Exhibit C.

Johnson commenced his fourth federal court challenge to his February of 2001 rape conviction by filing the petition at bar, a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Johnson v. Norris, 5:13CV00077 SWW. Respondent Ray Hobbs ("Hobbs") thereafter filed the pending motion to dismiss. See Document 12. He maintained that the petition should be dismissed because it is a second or successive petition requiring the approval of the Court of Appeals before filing it, and Johnson failed to obtain the prior approval of the Court of Appeals. Johnson filed a response to Hobbs' motion. The essence of Johnson's response was that the petition at bar is not a second or successive petition because his prior petitions were dismissed without prejudice, which he maintained relieved him of any obligation to obtain the prior approval of the Court of Appeals before filing another petition.

The filing of a second or successive petition pursuant to 28 U.S.C. 2254 is governed 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

The undersigned acknowledges that the dismissal of a 28 U.S.C. 2254 petition without prejudice will, in some circumstances, relieve the petitioner of any obligation to obtain the prior approval of the Court of Appeals before filing a second or successive petition. For instance, the petitioner will be relieved of any obligation to obtain the prior approval of the Court of Appeals when the prior petition was dismissed without prejudice as "premature or for failure to exhaust state remedies." See Taylor v. Norris, 2008 WL 2225769 at 2 (E.D.Ark. 2008) (Cavaneau, J.), Report and Recommendation adopted at 2008 WL 2225768 (E.D.Ark. 2008) (Miller, J.). Nevertheless, it is clear in this instance that the petition at bar is a second or successive petition requiring the prior approval of the Court of Appeals. At a minimum, Johnson's first 28 U.S.C. 2254 petition–5:03CV00379–was addressed on the merits and denied with prejudice. In light of the fact that 5:03CV00379 was denied with prejudice, he was obligated to obtain the prior approval of the Court of Appeals before filing the petition at bar. Because he failed to obtain the approval of the Court of Appeals, Hobbs' motion should be granted and Johnson's petition should be denied.

In conclusion, the petition at bar is a second or successive petition pursuant to 28 U.S.C. 2254. Because Johnson failed to obtain the approval of the Court of Appeals before filing the petition, Hobbs' motion to dismiss should be granted, Johnson's petition should be denied, and this proceeding should be dismissed. Judgment should be entered for Hobbs, and a certificate of appealability should be denied.

DATED this ___15___ day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE